# In the United States Court of Federal Claims

No. 19-857

(Filed: June 24, 2019)

```
******************************* *
                                *
TEWANIA HARRIS,                 *
                                *
                     Plaintiff, *
                                *
v.                              *
                                *
UNITED STATES,                  *
                                *
                    Defendant,  *
                                *
******************************* *
```

## DISMISSAL ORDER

WHEELER, Judge.

On May 29, 2019, *pro se* plaintiff Tewania Harris filed a complaint in this Court requesting relief from the allegedly wrongful withholding of her personal funds. Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Ms. Harris' complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction.

### Background

Ms. Harris is a Mississippi resident who claims various federal, private, and foreign parties are unlawfully withholding her "International Inheritance" and its accumulated interest. Compl. at 1. Ms. Harris originally filed a complaint in the United States District Court for the Northern District of Mississippi against President Donald Trump, the FBI, the United States Treasury Department, Wells Fargo, and others. Compl. Ex. 1 at 5. After the District Court dismissed her claim, Ms. Harris sent a letter to the United States Court of Appeals for the Fifth Circuit, which failed to find grounds for relief. Compl. Ex. 1 at 4.

Ms. Harris requests that this Court retrieve her unlawfully withheld funds from the Department of Homeland Security, the United States Treasury Department, and others, and

return it (and its accumulated interest) to her bank account. Compl. at 1-2. The complaint does not identify a set monetary amount or clarify who exactly is withholding the funds.

## Discussion

### A.    Failure to State a Claim on Which Relief Can Be Granted

A court may *sua sponte* dismiss a complaint for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012). To survive dismissal, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Strougher v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted).

Nevertheless, Ms. Harris' complaint fails to state a cognizable claim that would entitle her to relief. While she asserts improperly withheld funds and names a variety of parties, including the President, federal agencies, national banks, and foreign countries, she fails to support her claim with any factual evidence or communicate the accused parties' involvement with the withheld funds. Compl. at 1-2. Without clearly identifying a perpetrating actor or offending act, her statements are too vague to plead a cause of action. Further, Ms. Harris does not reference any statutory or constitutional basis for her complaint. Therefore, the complaint fails to state a claim on which relief can be granted.

### B.    Lack of Subject-Matter Jurisdiction

Subject-matter jurisdiction may be challenged at any time by the Court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Even if Ms. Harris stated a plausible claim for relief, the Court would lack subject-matter jurisdiction over it. This Court cannot hear claims against private companies or foreign governments because it can only hear claims against the United States. See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011). Additionally, except for bid protest cases, this Court only has jurisdiction over claims against the United States that allege a specific entitlement to monetary relief based upon "money-mandating" provisions of federal law. See Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003).

To the extent that Ms. Harris' claims implicate private companies and foreign countries, they do not fall within this Court's jurisdiction to hear claims against the United States. Compl. at 1. Additionally, other than vaguely stating that she has had her "civil right violated," Ms. Harris does not state any federal law as a basis for relief, let alone one that allows for monetary damages. Compl. at 2. Therefore, this Court lacks subject-matter jurisdiction.

## Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Ms. Harris' complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice and enter judgement for the Government. Further, the Court DISMISSES AS MOOT Ms. Harris' application to proceed *in forma pauperis*.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge